## HERNÁNDEZ, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

### APPEAL from a Decision of the Registrar of Property Refusing to Record a Tax Sale Certificate.

No. 511.—Decided March 13, 1922.

RECORD OF TITLE—TAX SALE—EXECUTOR—NOTICE.—Notice of a tax sale directed to the heir of the executor and not to the members of the succession is insufficient, and a certificate of sale under these circumstances is not recordable in the registry.

ID.—ID.—ID.—ID.—*Quaere:* Whether the property of a testator should ever be recorded in the name of the executor; whether a notice of sale to the executor is sufficient.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

The property concerned belonged to Tomasa González, who died in 1881, and for the purposes of the collection of taxes the said property was assessed in the name of Juan Ballesteros Núñez, who was the executor of Tomasa González. For a default in the payment of taxes the property was sold to Hernández Mena, appellant in this case. The certificate of sale was presented for record to the Registrar of San Juan, First Section, who denied the record on three grounds, namely:

1st. That the property was then recorded in the name of the succession of the heirs of Tomasa González.—2nd. That the notice of sale for taxes was not made to the right person.—3rd. For reasons that are a variation of the first ground.

The registrar is evidently in error in regard to the first and third grounds. Under the principle of universal succession it is not only the heirs of a person, but also the heirs of the heirs, who continue the personality of the original owner.

The notice of sale, however, was insufficient. It was di-

rected to the heir of the executor and not to the heirs of Tomasa González. Sections 336, 342 and other sections of the Political Code are applicable. When an executor dies recourse must always be had to some legal successor of the testator. The heir of the executor had no privity of relation with the testatrix. It makes no difference that the Treasurer accredited the property in the name of the executor. On the death of the latter the Treasurer was bound to know that some successor or legal representative of the owner must be notified. The executor never owned the property.

In a previous appeal with regard to the same property, where it was requested that the property should be recorded in the name of the executor, we expressed a doubt as to whether the property should ever be recorded in the name of an executor, and we still have that doubt.

The registrar does not place his refusal on that ground, but we doubt whether a notice to the executor, if he had been living, would now avail the appellant. The property was devised to the executor for certain religious purposes, which by suit have now been declared to have lapsed, and the property awarded to the heirs and recorded in their names. Hence there may be a serious question whether a notice of sale directed against an executor under these circumstances could avail against a record made in the names of the heirs.

The note of the registrar must be affirmed on the second ground of refusal.

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

ON RECONSIDERATION.

On motion for reconsideration MR. JUSTICE WOLF, on April 17, 1922, delivered the following opinion of the court:

While in writing our opinion to describe the person on

whom the notice was served we used the words "heir of the executor" instead of "familiar of the executor," yet the principle is the same. The theory of the notice was that Juan Ballesteros, being dead and hence not subject to service, the notification might run to one of his familiars or privies, but we repeat that on the death of the executor the Treasurer was bound to notify someone in privity with the original owner. We go further and say that when an alleged owner dies, be he executor or owner, the notice must run in the names of the owners who succeed to the title. A notice, as in this case, nominally directed to a person that is dead is absolutely unavailing. Like a summons in a suit, the notice must be made out in the name of the person really interested and then such notice in certain cases may be served on an alleged familiar. The reason is evident. The notice then has a strong chance of being delivered to the person really interested who may defend his title or the suit, as the case may be.

The motion to reconsider must be

*Denied.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.